*Melanie YAZZA*
Petitioner-Appellee
*vs.*
*Clifton SMITH*
Respondent-Appellant
In the Supreme Court of the Navajo Nation

No. SC-CV-21-99

October 8, 2001

John A. Chapela, Esq., Window Rock, Navajo Nation (Arizona), for Appellant.

Sylvia J. Struss, Esq., DNA People's Legal Services, Inc., Chinle, Navajo Nation (Arizona), for Appellee.

Before YAZZIE, Chief Justice, and SLOAN and MORRIS, Associate Justices.

Opinion delivered by YAZZIE, Chief Justice.

This is an appeal from a March 17, 1999 "Order Recognizing Foreign Judgments" of the Chinle Family Court which recognized an August 17, 1994 paternity and child support judgment of the Pima County (Arizona) Superior Court, and a January 30, 1997 modification of the original judgment by the same court.

## I

Clifton Smith, the appellant, is an enrolled member of the Navajo Nation who resides within the Navajo Nation and has maintained continuous residence here since May of 1996. He is a Navajo Nation police officer. Smith had a relationship with Melanie Yazza, the appellee, and a minor child was born to the parties on July 14, 1989. The trial court found that Yazza is an enrolled Navajo who is "domiciled" within the Navajo Nation, but who maintains a residence in Tucson, Arizona. The child is an enrolled Navajo who resides with his mother in Tucson. Given that Yazza received Aid to Families with Dependent Children ("AFDC"), the State of Arizona compelled her to file a paternity action against Smith. He also resided in Tucson at the time, and on August 17, 1994, the two parties presented a stipulation to the Pima County Superior Court, and it entered a judgment of paternity, finding child support and an arrearage. Smith moved to the Navajo Nation in May 1996, and began work as a police officer. In July, he instructed his employer to withhold $217 per month for ongoing child support, but he did not agree to have wages withheld for back child support in accordance with the Pima County Superior Court order.

On December 13, 1996, Yazza completed Pima County Superior Court forms to modify the original judgment including a request to modify, a worksheet, an application to waive fees and costs, supplemental information on the application, an order for waiver, and a return of service.

When the court issued its order to initiate the modification action, Yazza

personally mailed it to the Navajo Nation Police Department in Chinle for service on Smith, and he was served on December 30, 1996 by a Navajo Nation police officer. The request to modify child support form has a warning in large type inside a box on the first page to the party not requesting modification that the support order may be modified if he or she does not request a hearing, and the warning is repeated in a "Notice to Parties," also in a box, on the second page. Smith did not request a hearing, so on January 30, 1997, the Pima County Superior Court entered a new child support order. The Navajo Nation refused to enforce the support orders without an order of the Navajo Nation courts giving recognition to them.

Smith's basic contention was that he was not served with the request to modify, so he had no notice of his obligation to request a hearing. He claims that such denies him due process of law. He also asserts that he was given no notice of intent to obtain a default judgment, as is required by Rule 55(b) of the Navajo Nation Rules of Civil Procedure, and that also denies him due process of law.

## II

Issue raised on appeal is whether, under all the facts and circumstances, the appellant received sufficient due process of law to recognize the Pima County Superior Court judgments.

## III

The only issue we will determine is whether, under all the facts and circumstances, Smith was accorded a sufficient level of due process for the purposes of comity recognition by the Navajo Nation. The first point in our analysis is whether the Chinle Family Court abused its discretion in finding that Smith had proper notice. We will not disturb the ruling of the trial court unless there was an abuse of discretion. *Little v. Begay*, 7 Nav. R. 353 (Nav. Sup. Ct. 1998); *Benally v. Navajo Housing Authority*, 3 Nav. R. 55, 56 (Nav. Ct. App. 1981). The court rejected Smith's factual argument that he was not served with the request to modify child support and that he thus had no notice of his obligation to request a hearing. We will not disturb the trial court's conclusion that service was proper, because the trial judge was in the best position to assess Smith's credibility, and the trial judge did not accept that contention.

As the parties recognize, this Court is very concerned with due process issues and fundamental fairness in procedure. Our rule is that procedural due process requires that everyone "have an opportunity to be heard at a meaningful time and in a meaningful way," and "meaningful time" means that there must be adequate notice of a hearing so a party can have an opportunity to contest, negotiate, or otherwise address the action with knowing consent. *See Plummer v. Plummer*, No. A-CV-07-92 (decided August 11, 1992). There is nothing in the concept of procedural due process of law which requires a given procedure, so long as the individual being hailed into court has fair notice of what must

be done to obtain a hearing before the court, and thus have a meaningful opportunity to be heard. In this particular instance, Smith had the burden to affirmatively request a hearing, and that obligation is set out plainly and boldly on two pages of the modification request form Smith had fair notice of what he must do to obtain a hearing, and given that he did not request a hearing, he waived his opportunity to be heard.

There is also nothing in the concept of procedural due process of law which requires a separate warning that a default judgment might be entered. Rule 55(b) of the Navajo Rules of Civil Procedure provides an extra protection to assure proper service of process by requiring a separate warning prior to entering a default judgment, but that procedure is not required as a matter of due process of law. In ancient times, when a defendant was summoned by a sheriff or other summoner, the failure to appear in court at the date set in the writ was a contempt of court which justified punishment in the form of an adverse judgment. That process, which the Pima County Superior Court used, satisfies the historical test for procedural due process of law.

Pima County Superior Court had jurisdiction over both the original child support order and the modification, and accordingly, the judgment of the Chinle Family Court recognizing both the initial order and the modification are hereby AFFIRMED.