*Winnifred ETSITTY*
Petitioner-Appellant
*vs.*
*Diné Bii Association for Disabled Citizens, Inc.*
Respondent-Appellee
In the Supreme Court of the Navajo Nation

No. SC-CV-48-04

December 5, 2005

744

Thomas Murphy, Esq., Gallup, New Mexico, for Appellant.

C. Benson Hufford, Esq., and David Womochil, Esq., Flagstaff, Arizona, for Appellee.

Before FERGUSON, Acting Chief Justice, and SLOAN and G. BENALLY, Associate Justices.

This case concerns whether Appellant was an "employee" or an "independent contractor" when Appellee did not renew her contract. We remand the case to the Navajo Nation Labor Commission for further proceedings.

## I

The relevant facts are taken from the Navajo Nation Labor Commission's decision. Appellant Winifred Etsitty (Etsitty) and Appellee *Diné Bii* Association for Disabled Citizens, Inc. (*Diné Bii*) entered into a contract for Etsitty to provide services as a "Housing Development Officer." There was no position called "Housing Development Officer" in *Diné Bii*'s organizational chart of employees, and *Diné Bii* had not used employment contracts with its employees. *Diné Bii* did not advertise her position as an employment opening, did not screen her as an employee applicant, and did not appoint her on a competitive basis, as required by the employment manual. *Diné Bii* also did not provide Etsitty with any of the benefits accruing to employees or withhold income taxes from her checks. Etsitty did not undergo a probationary employment period as set out in *Diné Bii*'s personnel manual. Finally, Etsitty determined her own work hours, worked from her home, was not under the Executive Director's supervision, and submitted invoices and periodic reports of her activities.

After one year, *Diné Bii* notified Etsitty that it was not renewing her contract. Etsitty filed a charge with the Office of Navajo Labor Relations and then a complaint with the Labor Commission. She argued that the contract was not limited to one year, and that *Diné Bii* violated the Navajo Preference Employment Act by not providing "just cause" for the alleged termination. The Labor Commission ruled that Etsitty had "independently agreed to perform contractual services" for *Diné Bii*, Order at 7, a conclusion both parties characterize as finding Etsitty to be an "independent contractor," and not an "employee." It also concluded that *Diné Bii* had not taken "adverse action" against Etsitty in not renewing her contract. This appeal followed.

## II

The issues in the case are whether (1) Navajo law generally and the Navajo Preference in Employment Act specifically distinguishes between "employees" and "independent contractors," and (2) if so, whether the contract between Etsitty and *Diné Bii* Association for Disabled Citizens, Inc. created an employee or an independent contractor relationship.

## III

We review decisions of the Navajo Nation Labor Commission (Commission) under an abuse of discretion standard. *Kesoli v. Anderson Security Agency*, 8 Nav. R.724, 730 (Nav. Sup. Ct. 2005). One type of abuse is an error of law. *Id.* The issues in this case are questions of law, and we therefore review them *de novo*, giving no deference to the Commission's conclusions. *Id.*

## IV

This Court has never considered whether Navajo law recognizes the employee/independent contractor distinction. In *bilagáana* employment law, persons providing services are classified either as "employees" or "independent contractors." The distinction defines the responsibilities of the person or organization paying for the services to withhold taxes, to comply with labor laws protecting "employees," and to compensate tort victims. *Diné Bii* argues here that it also affects Etistty's ability to file a complaint under the Navajo Preference in Employment Act (NPEA). The threshold question is whether Navajo law, and specifically the NPEA, recognizes this distinction at all.

On its face, the current version of the NPEA makes no distinction between employees and independent contractors. The Act defines "employer" as "all persons . . .who engage the services of any person for compensation, whether as employee, agent or servant." 15 N.N.C. § 603(C) (1995). Like other key terms in the NPEA, none of the three terms, "employee," "agent," or "servant" are defined. *See Kesoli*, 8 Nav. R. at 730–31 (noting lack of definition of "harassment" in NPEA); *Smith v. Navajo Nation Department of Headstart*, 8 Nav. R. 709, 714 n.1 (Nav. Sup. Ct. 2005) (noting lack of definition of "just cause"); *Sells v. Rough Rock Community School*, 8 Nav. R.643, 648 (Nav. Sup. Ct. 2005) (noting lack of definition of "adverse action"). The current language does not assist us.

A review of the legislative history of the NPEA shows, however, that the Council intended "employees" but not "independent contractors" to be covered by the act. The original NPEA passed in 1985 included both "employee" and "independent contractor" under the definition of "employer".

> The term 'employer' . . . shall include all persons . . .who engage the services of any person for compensation, whether as employee, agent, servant or independent contractor.

Navajo Nation Council Resolution No. CAU-63-85, Exhibit A, § 3(3) (August 1, 1985). However, the Council struck the reference to independent contractors in the 1990 amendments. Navajo Nation Council Resolution No. CO-73-90, Exhibit B, § 3(3) (October 25, 1990). The task force empowered to make amendment recommendations suggested the removal of the term "independent contractor" because it believed contractors were protected by the then-existing Navajo Nation Business Preference Law. Navajo Labor Investigative Task Force, Report to the Navajo Nation Council Regarding the Proposed Amendments to the Navajo

Preference in Employment Act of 1985, at 42. Based on this history, *see Sells*, 8 Nav. R. at 652 n. 4 (treating task force report as legislative history of NPEA), we conclude there is a distinction recognized by the Navajo Nation Council, and therefore this Court, between "employees" and "independent contractors." Further, independent contractors are not covered by the NPEA. Consequently, if Ettsity was an independent contractor, the Navajo Nation Labor Commission lacks jurisdiction over her claim, as it is only empowered to hear complaints under the NPEA. *See Charles v. Furniture Warehouse*, 7 Nav. R 92, 95 (Nav. Sup. Ct. 1994).[1] The question is then how to define "independent contractor."

## V

Though the Commission apparently concluded that Etsitty was an "independent contractor," it did not define the term or identify a source for its reasoning. The Commission relied on several facts that suggest it applied a test that emphasizes the level of supervision by *Diné Bii* over Etsitty's activities, as well as the difference between Etsitty's treatment and those identified as "employees" in *Diné Bii*'s personnel manual.[2]

Etsitty urges this Court to adopt a "control" test used by the New Mexico courts, while *Diné Bii*'s brief identifies no specific test, but nonetheless supports the Commission's analysis in concluding that Etsitty was an independent contractor. The New Mexico Supreme Court applies a test from the Restatement (Second) of Agency which emphasizes the level of "control" an organization has over the person, and includes a list of factors: (1) direct evidence of the exercise of control; (2) the right to terminate the employment relationship at will, by either party, and without liability; (3) the right to delegate the work or to hire and fire assistants; (4) the method of payment, whether by time or by the job; (5) whether the party employed engages in a distinct occupation or business;

1 The decision of the Commission is unclear whether it meant to dismiss the case for lack of jurisdiction because Etsitty was an "independent contractor." The decision states that Etsitty "independently agreed to perform contractual services" for *Diné Bii*. Order at 7. However, the Commission continued by concluding that *Diné Bii* did not take "adverse action" by not renewing her contract, a conclusion inconsistent with the apparent conclusion that she was an "independent contractor," as, if true, the Commission was required to dismiss the case and not move forward to analyze *Diné Bii*'s conduct under the NPEA.

2 To support its ruling the Commission found that (1) *Diné Bii* had no position of "Housing Development Officer" in its organizational chart of employees; (2) *Diné Bii* had not used employment contracts for its employees; (3) Etsitty's position was not advertised as an employment position, she was not screened as an employee applicant, and she was not appointed on a competitive basis, as required by the employment manual,(4) Etsitty did not receive any of the benefits accruing to employees; (5) *Diné Bii* did not withhold income taxes from her check, (6) Etsitty did not undergo a probationary employment period as set out in *Diné Bii*'s personnel manual; and (7) Etsitty determined her own work hours, worked from her home, was not under the Executive Director's supervision, and submitted invoices and periodic reports of her activities.

(6) whether or not the work is part of the employer's regular business; (7) the skill required in the particular occupation; (8) whether the employer supplies the instrumentalities, tools, or the place of work; (9) the duration of the person's employment, and whether that person works full-time or regular hours; and (10) whether the parties believe they have created the relationship of employer and employee, insofar as this belief indicates an assumption of control by one and submission to control by the other. *Id.* The Court considers and may adopt *bilagáana* legal principles, if consistent with fundamental Navajo principles, particularly when the issue concerns adopted concepts like the distinction between "employees" and "independent contractors." *See Goldtooth v. Naa Tsis' Ann Community School, Inc.*, 8 Nav. R. 680, 691 (Nav. Sup. Ct. 2005) (considering and adopting "apparent authority" concept in the context of employment contracts); *Navajo Nation v. Rodriguez*, 8 Nav. R. 604, 614 (Nav. Sup. Ct. 2004)(considering and adopting *Miranda* with additional requirements under *Diné bi beenahaz'áanii*).

The Court accepts the "control test," but adds several other factors to the analysis. Because, like "just cause," labor relationships vary significantly based on a variety of unique facts, one useful definition for "independent contractor" is not possible. *See Smith*, 8 Nav. R. at 714. Instead, the Commission must determine the definition of "independent contractor" based on the unique facts of each situation. However, any test on "independent contractor" must encompass a broad analysis of the relationship at issue and take into account not only factors specifically concerning "control," but also factors concerning the understanding of each party about their relationship. These new factors foster harmony by honoring the expectations of the parties under the Navajo principle of *k'é*, a consideration absent from *bilagáana* legal thought. We therefore expand New Mexico's control test to include the following factors: (1) how the alleged employee was hired, (2) how the employer treated him or her (that is, whether as a regular employee or not for advertising the position, providing fringe benefits, and withholding taxes), (3) whether the work he or she did was a single, finite project to be completed by the end of the contract period or were general duties that the alleged employer would continue even if the contract was not renewed. We also alter the control test's tenth factor, *see supra*, by requiring the consideration of whether, based on the representations in the contract and in course of dealing between the parties, the alleged employee reasonably believed he or she was an employee. *Cf. Goldtooth*, 8 Nav. R. at 691 (representations of Executive Director created expectation of binding contract). Further, we emphasize that the mere treatment of a person as an "independent contractor" by the failure to withhold taxes and the refusal to grant employee benefits does not make the person one if, based on the other factors, he or she is an "employee." The unilateral treatment by an employer cannot create the status of an "independent contractor" if the person actually should be treated as an "employee."

Additionally, the Commission must consider these factors in light of the stated intent of the Navajo Nation Council in passing the NPEA, which includes

"[t]o provide employment opportunities for the Navajo work force," and "[t]o foster cooperative efforts with employers to assure expanded employment opportunities for the Navajo work force." 15 N.N.C. § 602(A)(1), (7) (1995). Under these provisions, one strong policy of the NPEA is to promote and expand *employment* opportunities for Navajos. The Council considered employment relationships that provide stable, predictable economic support for Navajo families preferable to contract relationships that purport to be terminable at any time. Further, like employment term contracts, the Commission must be careful not to encourage employers to attempt to circumvent the protections of the NPEA by simply classifying whole groups of workers as "independent contractors." *See Sells*, 8 Nav. R. at 649 n. 1 (concluding NPEA does not prohibit "term contracts" but suggesting vigilance in preventing abuse by employers). The Commission therefore must consider the "control" test factors in light of these policies.

With these factors in place, we must remand the case back to the Commission to reconsider its decision and make further findings of fact. The Commission's decision does not include facts concerning whether Etsitty provided her own supplies, whether she was engaged in a distinct business, whether she was authorized to hire or delegate work to others, what skills were necessary for the position, and, importantly, whether Etistty's apparent belief that she was an employee was reasonable. Further, the Commission did not have our guidance to apply these factors consistent with the NPEA's stated policies emphasizing employment. The previous decision is therefore VACATED the case REMANDED the Commission for further consideration.