OPLMON

YAZZIE
filed the opinion of the Court, which GRANT joined.
This case concerns the dismissal of a probate case by the Shiproek Family Court (Family Court) after this Court remanded a previous appeal with instructions. The Court affirms part of the decision and vacates part of the decision, and remands the case for the Family Court to issue a final judgment.
I
This case comes back to this Court after it remanded a previous appeal for further proceedings. See In re Estate of Kindle, No. SC-CV-38-99 (Nav.Sup.Ct. August 2, 2001). The first appeal also concerned the Family Court’s dismissal of a probate action filed by Appellant Harry Descheene, Jr. (Appellant).[1] Descheene sought to establish the heirs or beneficiaries té the *752 estate of Amy Kindle, his grandmother. Other family members had previously entered into a peacemaking agreement to distribute Amy Kindle’s grazing permit, which the Family Court approved and incorporated into a judgment. See In re Grazing Permit No. 12-2846, No. SR-FC-PM-95-37, Judgment (Ship. August 18, 1995). Herman Light and other interested parties (appellees) intervened in the present Family Court proceeding. Appellees moved to dismiss the probate as barred by the concept of res judicata, based on the previous peacemaking decision. The Family Court granted the motion, and Des-cheene appealed to this Court. The Court reversed, concluding that the peacemaking decision did not bar the subsequent probate action because not all alleged heirs had notice of the peacemaking session. Kindle, No. SC-CV-38-99, slip op. at 8. The Court suggested that either New Mexico state intestate law, as incorporated into the then existing Navajo Probate Code, see 8 N.N.C. § 2(B) (1995), or an alleged oral will might make Descheene an heir. Id. at 7. The Court remanded the case to the Family Court for “a determination of heirs, determination of the validity of the alleged oral will, and proceedings which are consistent with this opinion.” Id. at 8.
The Family Court held a hearing after the remand, and issued a decision denying Descheene a share of the estate. The Court began the hearing by reciting this Court’s remand instructions. Descheene appeared pro se at the hearing, and asserted he was an heir under the New Mexico state law concept of “per stirpes.” He did not assert the existence of an oral will, and did not submit any evidence concerning the alleged will. The Family Court issued a judgment state that Descheene was not an heir because there was a surviving son of Amy Kindle, who was the sole heir. Based on that conclusion, the court dismissed Descheene’s petition, contending that only the son could file a probate action.
Descheene, through new counsel, filed a motion to alter and amend the judgment which the Family Court denied. Des-cheene state that the Family Court had not followed the remand instructions, and that it should review a video tape he alleged was a recording of Amy Kindle’s wishes for her property. He did not submit a copy of the tape with the motion, but did submit an affidavit by a doctor and family friend alleging the contents of a video. The Family Court denied the motion, reiterating its previous decision, and stating that the decision was based on Descheene’s presentation at the prior hearing.
Descheene again appealed to this Court. The Court heard oral argument on March 27, 2006.
II
The issues in this case are (1) whether the Family Court followed this Court’s remand instructions when (a) at the remand hearing the Family Court mentioned an alleged oral will, but did not affirmatively request that the appellant submit any evidence on the will; and (b) when the appellant had multiple opportunities to submit alleged video tape evidence of a will, but did not submit it; (2) whether the Family Court’s conclusion that the surviving child is the heir under custom, when no evidence of that custom was submitted by the parties, is correct under the Navajo Probate Code; and (3) whether the Family Court correctly dismissed the probate petition after finding that the person who filed the probate petition was not an heir.
III
 Whether the Family Court followed the remand instructions and correct *753 ly applied the Navajo Probate Code are questions of law. The Court reviews legal question de novo, with no deference given to the trial court’s decision. Navajo Nation v. Badonie, 6 Am. Tribal Law 725, 727, 2006 WL 6168955, *2 (Nav.Sup.Ct. 2006).
IV
The resolution of this case depends on the relative responsibilities of Des-cheene and the Family Court. Appellant argues that the Family Court failed to follow this Court’s remand instructions by not considering Amy Kindle’s alleged oral will. According to Appellant, the Family Court should have affirmatively requested information on the oral will, including asking for and reviewing a video tape that appellant alleges records Amy Kindle’s wishes for her property. Appellees argue the Family Court followed the remand instructions, but that Descheene failed to submit any evidence on the alleged oral will, but instead relied solely on the state law theory of “per stirpes.” According to Appellees, Descheene abandoned his argument that there was an oral will be relying solely on the per stirpes theory and not producing the video tape.
The Court agrees with Appellees. Contrary to Deseheene’s argument, the Family Court did not ignore the remand instructions, but repeated all of this Court’s instructions at the beginning of the hearing. Further, the court mentioned the alleged oral will several times during the hearing. However, though the court stated that the validity of the oral will was still at issue, Descheene did not attempt to submit the tape or any other evidence establishing art oral will. Instead Appellant asserted his rights solely under the per stirpes theory. The Family Court’s decision was then based on Descheene’s presentation at the hearing, as the court rejected the applicability of per stirpes and instead concluded that the surviving child was the heir.
Descheene’s counsel at oral argument suggested to this Court that the lack of any attempt to discuss or submit evidence on the oral will should be excused because he as acting pro se. However, after the Family Court issued its judgment, Des-cheene’s counsel filed a motion with that court to alter or amend the judgment, alleging again the existence of an oral will, and stating that the court improperly declined to consider the will. Even then counsel did not attempt to submit the video tape that allegedly shows the oral will, but only included an affidavit of a family doctor and friend alleging the contents of a video, which may or may not be the oral will video.[2] Despite several opportunities, no tape has ever been submitted to the court.[3] Counsel’s impassioned plea at oral argument that Amy Kindle has not yet been heard is negated by the failure to submit the video into evidence.
The Navajo legal concept relevant to this case is that once parties have had an opportunity to have their say, a decision on the matter is final, and should not be disturbed. The Court has applied *754 this concept to recognize the Bilagáana doctrine of res judicata. See Peabody Western Coal Co. v. Navajo Nation Labor Commission, 4 Am. Tribal Law 650, 652-53, 2003 WL 25704132, **2-3 (Nav.Sup.Ct. 2003); Halwood v. Badonie, 6 Nav. R. 16, 17 (Nav.Sup.Ct.1998). While res judicata prevents filing a new case after a previous final decision, see id., the concept of finality applies within a single case as well. Litigants have certain responsibilities within the court system. Among these is the responsibility to submit whatever evidence supports his or her case when given the Opportunity. If a party fails to do so at the first opportunity, there must be a limit to the number of opportunities given to present that evidence, as for Navajo society to function there must be a limit on how long disputes continue. Descheene and his counsel have had several opportunities to submit the video tape, which they did not take advantage of, and they cannot now complain that the Family Court denied Descheene the ability to establish the oral will. In Navajo, we say “biMch’initja,” Amy Kindle passed away over ten years ago. The probate action was filed over seven years ago. If an oral wall exists, Descheene has had ample time to produce it. The uncertainties created by this case have gone on long enough.[4]
V
The Court affirms the Family Court’s ruling that the surviving son is the heir. In the absence of evidence on an oral will, there is no error in concluding a surviving child is the sole heir instead of adopting state intestate lawr. Though not a model of clarity, the Family Court’s decision, when interpreted in light of the transcript of the proceeding demonstrates that the court believed inheritance of the estate by the surviving child, and not grandchildren of deceased children, was consistent with the custom of that family The Court agreed with those at the peacemaking session that such was the custom. See In re Grazing Permit No. 12~28j6, No. SR-FC-PM-95-37, Judgment, at ¶ 7 (Ship. August 18, 1995) (referring to “heirs/children of Amy Kindle” agreeing to distribution of grazing permit). Descheene did not attempt to present a different custom, and therefore there was nothing to rebut the conclusion that the surviving child is the heir.[5]
Descheene contends that the application of custom, in the absence of submis- ¾ sion of evidence on the custom, instead of v® New Mexico state law, contradicts the Navajo Probate Code. While the Navajo Probate Code states that state law should ⅞* apply unless custom is “proved,” 8 N.N.C. § 2(B) (2005), the subsequent passage of )» the statute affirming the Fundamental;:» Laws of the Dine, 1 N.N.C.. § 201, et seg.fíB (2005) (passed by Navajo Nation CouncftyjA Resolution No. CN-69-02), and ihe *755 amendment of the choice of law provision in Title 7 of the Code, 7 N.N.C. § 204(D) (2005) (amended by Navajo Nation Council Resolution No. CO-72-03, (October 24, 2003)), means that a trial court may take judicial notice of Diné bi beenahaz’áanii. See Judy v. White, 5 Am. Tribal Law 418, 428-29, 2004 WL 5658577, **9-10 (Nav.Sup.Ct,2004)(prior pleading rules for Navajo Common Law amended by subsequent Council action mandating that judges apply Fundamental Law). This Court’s previous decision in this case, that state law applies if custom is not proven, see Kindle, No. SC-CV-38-99, slip. Op. at 4, predates these statutory changes. In light of these new statutory developments, the choice of law provision in the Probate Code cannot be reconciled with the clear mandate to apply Diñé bi beenahaz’áanii first, and state law only in the absence of Navajo law, and therefore must yield. See Allen v. Fort, Defiance Housing Corp., 6 Am. Tribal Law 713, 715-16, 2005 WL «235947, **2-3 (Nav.Sup.Ct.2005) (assessment of conflicting provisions requires analysis of competing policies, and rejection of prior statute if it policies cannot be harmonized). The Family Court therefore did not err when it applied a custom through judicial notice, and not state intestate law.
V
Though Descheene is not an heir, the Family Court nonetheless improperly dismissed the petition. The Family Court apparently believed that only an heir could bring a probate petition, and, based on its conclusion that Descheene was not an heir, it dismissed the petition. The result is that the property of Amy Kindle was not probated, leaving the property not distributed in the peacemaking session in limbo.[6] The dismissal was an error, as the N avajo Probate Code only requires “a person claiming to be an heir” to bring a petition. 8 N.N.C. § 2(A) (2005). If, after consideration of the merits of the petition, the petitioner is not an heir, the court nonetheless must “determine the heirs of the decedent and divide among the heirs ... property of the decedent.” Id. That the petitioner ends up not being an heir does not mean the petition itself must be dismissed. The Family Court still was required to order the distribution of the property listed in the petition, and therefore it erred when it dismissed the petition.
VI
Based on the above, the Court AFFIRMS that part of the judgment concluding that Descheene was not an heir and VACATES that part the Family Court’s judgment dismissing the petition. The Court REMANDS the case for the Family Court to issue a proper judgment indicating how the property other than the grazing permit is to be distributed.
The Family Court has two options on remand. It may simple issue a final judg- *756 merit awarding the other property to the surviving son, who, based on the above discussion, is the heir. However, the Family Court should seriously consider the option of allowing the parties to engage in peacemaking to decide how that property should be used, and adopting the peacemaking agreement as the final judgment. The Court notes that Descheene had attempted to transfer the case to peacemaking after the remand, which the Family Court denied. Ironically, Appellees, at least some of whom participated in the previous peacemaking session, opposed the transfer, contending this Court’s remand barred sending the dispute to peacemaking. Whether the denial of the transfer was proper or not, nothing now precludes Amy Kindle’s family from resolving this dispute through peacemaking to reach consensus on how to best use the remaining property at issue. That option allows the family to consider custom, family desires, and actual possession and control of the property since Amy Kindle’s passing, and to solve the on-the-ground concerns and problems, with Amy Kindle’s wishes in mind, to reach an agreement all can abide by-
FERGUSON filed a separate opinion concurring in part and dissenting in part.

. Throughout the litigation, Appellant's name has been spelled two different ways, "Des-cheenie” and "Descheene." The Court adopts the Spelling used in the original prev bate petition.

. If the affidavit was intended to prove the contents of the video in lieu of an actual tape, there are evidentiary rules such as the prohibition against hearsay that are implicated.

. Though the video tape is mentioned in previous pleadings filed by Descheene in the Family Court, the record does not show any-Í: where that the actual tape was ever submit-v ted. The only exhibit list in the record refer-eñees a “transcribed coy of the testimony given by Grandma Amy Kindle in English and Navajo” Descheene was to submit. Submission and Witness and Exhibit List, Index Listing No. 42, at 1 (May 13, 2003). However, even the alleged transcription is not included in the documents actually submitted with the exhibit list.

. An additional complication is that the judge who held the previous hearings and issued the judgment has retired, and any further proceedings will have to be held by a new judge with no prior knowledge of the case.

. The dissent is troubled by the Court’s affirmation that the surviving son is the heir. This ruling of the Family Court was incorporated into the Family Court’s judgment in 1995. It was Decheene's burden to directly challenge the 1995 judgment; he did not do so. Instead, Descheene focused on the matter of an oral will which he never produced and the application of state law without any expía-nation of the relevance of traditional law or'S» custom. As state above, parties must be held to their responsibilities. In this partícula] case, Descheene had two separate proceed-togs to bring forth a challenge To the Family Court's judgment. This Court and the FanuK ■ Court have extended enough time and oppor- 1 tunities.

. Descheene suggests that this Court’s prior opinion invalidated the peacemaking decision, and that the Family Court could not have considered the peacemaking decision in its judgment. This is not correct. The Court merely ruled that the prior peacemaking decision could not have res judicata effect on the probate action, as Descheene was not given notice of the peacemaking, and therefore was : not a party to it such that he was barred from filing his petition. Nothing in the opinion struck or vacated the peacemaking. Therefore, as this Court affirms the decision that the surviving son is the heir, any distribution by that son of his property in the peacemaking decision is not affected. , However, as Descheene points out, only the grazing permit was distributed in the peacemaking, and his petition lists several other items. The peacemaking decision did not involve those other items, and therefore there is currently nothing to govern their distribution.