OPINION

This case concerns whether, based on comity and res judicata, a decision made by the Office of Appeals of the Arizona Department of Economic Security (ADES) that an employee engaged in “willful misconduct” should preclude a subsequent complaint before the Navajo Nation Labor Commission (Commission) that the employer terminated the employee “without just cause.” The Court vacates the Commission’s decision to deny comity, but affirms, for a different reason, the decision to deny res judicata.
I
Appellant Lake Powell Medical Center (Lake Powell) employed Appellee Dan Bradley (Bradley). Based upon the following allegations, Lake Powell discharged Bradley from employment. Bradley disregarded Lake Powell’s instructions to cease certain non-authorized activities and, in addition, berated a fellow employee, causing the fellow employee distress to the point that she was crying and went home because she was disturbed by Bradley’s conduct.
Bradley filed for unemployment benefits with ADES, claiming that he was unemployed “through no fault of his own.” ADES originally granted unemployment benefits to Bradley. Lake Powell appealed this decision, and proper notice of the appeal hearing went out to Bradley. He did not appear at the hearing due to a death in his family. Bradley made several attempts to call ADES regarding his situation, but could not get through. The hearing went forward, with testimony and evidence presented by Lake Powell. ADES held that Bradley was fired for willful misconduct, making the prior award of unemployment benefits unwarranted. Bradley made subsequent unsuccessful phone calls to ADES regarding his absence from the hearing, but did not follow the written appellate procedure stated in the ADES decision he received.
Bradley filed a separate complaint with the Commission under the Navajo Preference in Employment Act (NPEA). His sole claim was that Lake Powell terminated him without “just cause.” Lake Powell moved to dismiss upon the grounds of res judicata based on the prior ADES decision. The Commission denied Lake Powell’s motion and entered findings in favor *503 of Bradley. Lake Powell appealed the Commission decision to this Court.
This appeal is the second appeal from the Commission. In the first appeal, the Court vacated the Commission’s denial of Lake Powell’s motion to dismiss based on res judicata. The Court remanded the matter to the Commission to consider whether to grant comity to the ADES decision and, if comity was granted, to again consider whether res judicata precluded the Commission from hearing the matter. See Memorandum Decision, Bradley v. Lake Powell Medical Center, No. SC-CV-09-03 (Nav.Sup.Ct. July 16, 2004). After remand, the Commission again found that res judicata did not apply, and then declined to grant comity to the decision. Appellant then filed this second appeal.
II
The issues in this case are (1) whether the Commission correctly refused to grant comity to a decision of the Arizona Department of Employment Security when the employee claimant did not participate in the hearing; and (2) if comity should have been granted, whether res judicata barred the Commission from hearing a complaint from an employee that he was terminated “without just cause,” when the Arizona Department of Employment Security found he has committed “willful misconduct” based on evidence submitted by the employer at a hearing the employee did not attend.
III
The Court reviews Commission decisions under an abuse of discretion standard. Toledo v. Bashas’ Dine Market, 6 Am. Tribal Law 796, 797, 2006 WL 6168967, **1-2 (Nav.Sup.Ct.2006). One type of abuse of discretion is an erroneous interpretation of law. Id. Whether comity should be granted to decisions of other sovereigns and whether res judicata should bar an NPEA complaint are questions of law. The Court reviews such questions de novo, with no deference given to the Commission’s decision. Id.
IV
The first issue concerns the doctrine of comity. In its decision on remand, the Commission treated the doctrines of comity and res judicata as separate and independent doctrines. The Commission apparently believed that if it granted comity, Bradley’s complaint would be automatically barred, regardless of res judicata.
Comity does not independently block review of a complaint under the NPEA, but is a threshold requirement before Navajo Nation courts or administrative tribunals can grant or deny res judicata effect to a separate sovereign’s decision. Comity means that a Navajo court or administrative tribunal may refuse to recognize a separate sovereign’s decision,[1] but, in the interest of promoting respectful relations between governments, such tribunals should recognize the decision unless some strong policy justifies rejection. Only after comity is granted does a court or tribunal have to analyze whether res judicata applies.[2] If comity is denied, there is no *504 need to apply res judicata, as the decision has no effect within the Navajo Nation.[3]
Our courts or tribunals decide whether to grant comity based on three considerations: (1) the right of the separate sovereign’s tribunal to issue the judgment, (2) the propriety of the proceedings, and (3) any relevant public policy of the Navajo Nation. See In re Guardian ship of Chewiwi, 1 Nav. R. 120, 126 (Nav.Ct.App.1977). These considerations depend on the unique circumstances of the case. However, the unique circumstances must be interpreted in light of the relationship of the other sovereign to the Navajo Nation. In this case, there is a strong relationship between Arizona and the Navajo Nation, as some members of the Nation are considered citizens of that state.
Though the Commission mistakenly considered comity a separate doctrine potentially barring Bradley’s complaint, it nonetheless ruled that it did not have to grant comity to the ADES decision. The Commission declined to grant comity based on the second and third Chennwi considerations.[4] The Commission questioned the propriety of the decision because Bradley did not participate in the evidentiary hearing. It further declined to give comity because, under the public policy of the Navajo Nation, employment is a valuable property right. Neither reason justifies the refusal to recognize the decision.
A
The Commission wrongly questioned the “propriety” of the decision. According to the Commission, ADES “[i]n essence” granted a default judgment against Bradley, Order, August 24, 2005, at 7, and therefore, apparently, did not treat Bradley fairly. The scope of the term “propriety” has not been defined in Navajo law, but, in the context of this ease, the Court holds that propriety does not require deciding a case with both parties’ presence. To reject a decision under the “propriety” factor, there must be a fundamental defect in the proceeding that would make it unfair to apply it within the Navajo Nation. Our civil rules and the rules of the Commission itself allow default judgments, see Rule 55, Navajo Rules of Civil Procedure (NRCP); Rule 13, Amended Rules of Procedures for Proceedings before the Navajo Nation Labor Commission, and as long as the party who did not participate received notice and had the opportunity to attend and participate, a decision arising out of such circumstances is not unfair under Navajo law. See Tohatchi Special Education and Training Center, Inc. v. Halona, 7 Nav. R. 208, 213 (Nav.Sup.Ct.1996) (rejecting due process *505 challenge to entry of default judgment). A decision under a similar procedure therefore cannot be fundamentally defective for purposes of comity. See Yazza v. Smith, 3 Am. Tribal Law 530-31, 2001 WL 36173240, **2-3 (Nav.Sup.Ct.2001) (rejecting challenge to Atizona Superior Court default judgment as violation of due process and upholding recognition of decision under comity). However, the ADES decision is not even a “default judgment,” as ADES did not simply rule in favor of Lake Powell without taking evidence, see NRCP 55(a), but held a hearing and decided the case based on findings of fact and conclusions of law. Lake Powell did not prevail on the merits because Bradley did not participate, but because its evidence persuaded ADES that Bradley engaged in willful misconduct. In short, the ADES proceeding was not so fundamentally defective that it is unfair to apply it within the Navajo Nation.
B
The public policy of the Navajo Nation supports recognition of the ADES decision. The Nation does not have its own unemployment compensation system. The Navajo people, including Navajo government employees, use the state system for support when they are unemployed through no fault of their own. As a matter of public policy, employers within the Nation pay into the Arizona unemployment program, and to honor that practice Navajo courts and tribunals should not reject an ADES decision absent some fundamental defect in the proceeding. That employment is a valuable property right does not, by itself, justify rejection of a program that operates to benefit Navajo employees in lieu of a Navajo program that does the same. Indeed, the Arizona unemployment system is consistent with the value placed on employment within the Navajo Nation, by providing support for those out of work through no fault of their own.
Based on this analysis, the Commission should have granted comity to the ADES decision. The Commission erred, and the Court now considers whether under res judicata the ADES decision bars Bradley’s NPEA claim.
V
The doctrine of res judicata prohibits the relitigation of the same dispute. The basic rule of res judicata is that a party ordinarily cannot assert a claim arising out of a transaction if he or she has previously litigated a claim arising out of that same transaction, even if the claims made in the two actions are not exactly the same. Peabody Western Coal Company v. Navajo Nation Labor Commission, 4 Am. Tribal Law 650, 652, 2003 WL 25794132, *2 (Nav.Sup.Ct.2003). The doctrine of res judicata promotes fairness between parties, and is consistent with the Dine bi beenahaz’ áanii value of finality. See In re Estate of Kindle, 6 Am. Tribal Law 750, 752, 2006 WL 6168972, *2 (Nav.Sup.Ct.2006); Halwood v. Badonie, 6 Nav. R. 16, 17 (Nav.Sup.Ct.1988). Under this concept, once parties have had an opportunity to have their say, the matter is final. Kindle, 6 Am. Tribal Law at 752, 2006 WL 6168972, *2. Without this limitation on re-litigation, losing parties would have a strong incentive to keep relitigating their claims until they received a more favorable judgment. Peabody, 4 Am. Tribal Law at 653, 2003 WL 25794132, *3. Winning parties would be forced to expend extra time and money relitigating the same claims. Id. That situation would advantage the losing side of every case—an outcome that is in conflict with the fundamental principle of fairness. Id. Further, disputes would never be resolved, perpetuating disharmony.
*506 The Peabody Court announced a test for the application of res judicata. See id. 4 Am. Tribal Law at 653, 2003 WL 25794132, *3. In order for the doctrine to apply, four elements must be met: (1) the parties in the second action must be the same as or in privity with the parties in the first action; (2) the cause of action must be the same, or must arise from the same transaction or event, in both actions; (3) there must have been a final decision in the first action, and (4) the first decision must have been on the merits. Id. In the present case, the Commission found that res judicata did not apply because the ADES decision was not on the merits and that the claim before the ADES was completely different from the one presented before the Commission. The Court considers each reason in turn.
A
To comply with this Court’s test for res judicata, the first decision must have been “on the merits.” The Court holds that the ADES decision was on the merits. The Commission ruled that the ADES decision was not on the merits because Appellee did not participate in the hearing. However, Bradley made his appearance before the ADES when he first applied for unemployment benefits. He subsequently was properly notified of Lake Powell’s appeal of the initial ADES decision allowing him benefits. As previously discussed, an appeal hearing was held, at which Lake Powell presented testimony and documentary evidence. ADES decided the appeal on the merits of the case presented, regardless of the fact that only Lake Powell presented its case. ADES’ decision denying Bradley benefits specified the facts and laws upon which it relied to make its decision. Bradley had an opportunity to seek review of the ADES decision, and was properly notified as to how to make such an appeal. Yet, he failed to do so. ADES decided the case “on the merits.”
B
In order for res judicata to apply, the first cause of action must be the same as the second, or must arise from the same transaction or event. The Court holds that the ADES decision meets both subsets of this portion of the res judicata test. First, the ADES appellate decision was based on the same events Bradley describes in his NPEA complaint. The allegations Lake Powell made to ADES concerning Bradley’s conduct are the same allegations the parties litigated before the Commission. Second, the two causes of action are the same. In Peabody, the Court held that causes of action are the same if they are “substantially similar.” No. SC-CV-14-03, slip op. at 6. ADES decided whether there was “willful misconduct,” see A.R.S. § 23-775(2), while the Commission decided whether there was “just cause” for firing Appellee, 15 N.N.C. § 604(B)(8) (2005). The phrases “willful misconduct” and “just cause” differ only in words and not in legal substance. Both determine if an employer had a justifiable reason for termination of an employee. If either tribunal finds fault on the part of an employee, the termination is used to deny benefits or award remedies. Merely because ADES does not utilize the exact phrase “just cause” in its determination does not mean that the ADES action is different for purposes of res judicata. Bradley had the opportunity to establish that Lake Powell improperly fired him, and based on the evidence, ADES determined Lake Powell justifiably terminated him. The causes of action are therefore “substantially similar.”
The Commission wrongly concluded that our opinion in Peabody does not apply to this case, because, in that case, both tribu *507 nals decided whether there was “just cause” for the employee’s termination. In Peabody the employee argued before an arbitration panel that he was fired without “just cause.” 4 Am. Tribal Law at 651, 2003 WL 25794132, *1. After that pan el decided there was just cause, he filed a complaint before the Commission, and again argued he was fired without “just cause.” Id. at 651-52, 2003 WL 25794132, **1-2, The Court ruled, on the facts of the case, that res judicata applied, because both cases concerned “just cause.” Id. at 653-54, 2003 WL 25794132, **4-5. However, merely because the facts in this case and Peabody differ does not mean the rule in Peabody does not apply. The important principle in Peabody is that, for purposes of res judicata, the causes of action do not have to be expressed in identical language, but that the causes of action will be treated as being the same if the underlying issue is substantially similar. This principle applies in this case.[5]
Finally, the difference in relief available to ADES and the Commission does not make the causes of action different. In support of its conclusion that the causes of action are different, the Commission cited a passage from the Restatement (Second) of Judgments that “preclusion is inapplicable to [an administrative agency’s determination] ... where the plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because the limitations on the competency of the tribunal.” Restatement, § 83(3), and comment, 277 (1980). The Commission appears to rely on the second part, by concluding that the limited remedy ADES can award means that it is inappropriate for an ADES decision to bat-an NPEA complaint.
The Court declines to adopt this reasoning. A Restatement is not binding precedent, but a treatise stating the American Law Institute’s views on an area of bila-gáana, common law. The Court has adopted some principles from Restatements, but not others, based on a consideration of whether such principles are consistent with Navajo values. See, e.g., Etsitty v. Dine Bii Assoc., 6 Am. Tribal Law 702, 705, 2005 WL 6236357, *3 (Nav.Sup.Ct.2005) (adopting, with additional Diñé bi beenahaz'áanii factors, Restatement (Second) on Agency definition of independent contractor); Goldtooth v. Naa Tsis’ Aan Communtiy School, Inc., 6 Am. Tribal Law 667, 670, 2005 WL 6235969, *3 (Nav. Sup.Ct.2005) (Restatement (Second) of Agency principle of apparent authority); Jensen v. Giant Industries Arizona, Inc., 4 Am. Tribal Law 579, 584, 2002 WL 34461239, **3-4 (Nav.Sup.Ct.2002) (Restatement (Second) of Torts principle of premises liability). In this situation, however, the type of relief available does not determine whether the causes of action are the same; that determination depends on whether the legal substance of the employee’s causes of action is the same. Bradley affirmatively sought unemployment benefits, and through his participation in the process knew ADES was deciding his eligibility based on whether Lake Powell justifiably terminated him. In filing his NPEA action, Bradley sought damages for alleged violations of the Act, and knew the Commission was deciding whether Lake Powell justifiably terminated Mm. Whether or *508 not the relief was different, Lake Powell was again obliged to defend its actions. Therefore, the Court declines to adopt that section of the Restatement, but make no comment on whether other sections might apply to questions of res judicata.
C
While the foregoing reasons the Commission gave do not justify denying res judicata effect to ADES’ decision, there is an independent reason to affirm the Commission. The Court concludes that the unique purposes of the state unemployment statute and the NPEA make application of res judicata inappropriate. The two statutes seek to remedy unique problems, and despite the superficial sameness of the claims, it would undermine the purposes of both, and particularly the purposes of the NPEA, to prohibit Bradley from seeking relief for his wrongful termination because he first sought temporary unemployment benefits. Providing temporary support to the unemployed is different than awarding damages to employees for their employers’ wrongful termination. It would be patently unfair to prohibit an employee to claim compensation for an employer’s wrongful act merely because the employee attempted to receive temporary unemployment benefits. Though finality is an important value, it is not so powerful that it may subvert other important policies of the Navajo Nation, such as, in this case, compensating employees for their employers’ unjust actions.
Other jurisdictions, including Arizona, who have considered the same question of the preclusive effect of unemployment benefits decisions, have similarly rejected the application of res judicata because of the
differing purposes behind unemployment compensation and other employment claims. In Ferris v. Hawkins, the Arizona Court of Appeals denied preclusive effect to an unemployment decision in a later personnel grievance because it concluded that the unemployment system serves a specific, unique purpose to provide temporary relief to out-of-work people, a purpose quite different from the state grievance board, which, like the Commission, seeks to compensate employees for the wrongful action of their employers. 135 Ariz. 329, 660 P.2d 1256, 1259-1260 (1983). Interestingly, the Arizona Legislature codified the Court of Appeals’ view by prohibiting res judicata and collateral estoppel effect for unemployment decisions in any later proceeding between the employer and employee. A.R.S. § 23-672.01.[6] The Commission and this Court are, of course, not bound by Arizona’s view of the res judicata effect of its unemployment decisions, as whether to apply res judicata is a question to be decided under Navajo law. See Peabody. However, it would indeed be odd for this Court to grant res judicata effect to an Arizona administrative decision when, by Arizona law, that same administrative decision would not be given preclu-sive effect in a state personnel case. Absent Navajo statutory law to the contrary, the Court holds that unemployment insurance decisions should not preclude other litigation between the parties on the merits of the employer’s termination.
The Court’s analysis in Peabody is not inconsistent with this conclusion. In Peabody, this Court applied the res judicata test without consideration of the purposes of the arbitration and the NPEA. However, the Court in this case expands on Peabody to clarify that res judicata is not a *509 rigid rule to be applied in all circumstances, but must be considered in light of other considerations, including, as in this case, the purposes of the proceedings at issue.
VI
Based on the above, the Court VACATES the Commission’s decision denying comity, but AFFIRMS the judgment of the Commission denying res judicata. Finally, it is noteworthy that Lake Powell did not appeal any decisions by the Commission other than those concerning comity and res judicata. Therefore, this Court does not review whether, on the merits, there was just cause to terminate Bradley. The case is closed and the award to Bradley is in effect.

. In this way, comity is different than the doctrine of full faith and credit, under which states must recognize decisions of other states unless the other state lacked jurisdiction to make a decision. See In re Guardianship of Chewiwi, 1 Nav. R. 120, 124-26 (Nav.Ct.App.1977) (distinguishing full faith and credit from comity); 28 U.S.C. § 1738 (2000) (mandating full faith and credit between states).

. The Court's remand instructions to the Commission in the prior memorandum decision in this case are consistent with the threshold nature of the comity analysis. After *504 vacating the Commission's previous decision on res judicata, the Court instructed the Commission to "at a minimum ... allow the parties to argue whether the decision shall be granted comity, and, if so, whether the res judicata elements . .. are met.” No. SC-CV 09-03, mem. dec. at 3 (emphasis added).

. This case is distinguishable from cases where the sole issue is whether comity should be granted, such as when a party seeks to domesticate a judgment to enforce it within the Navajo Nation. See, e.g., Yazza v. Smith, 3 Am. Tribal Law 528, 2001 WL 36173240 (Nav.Sup.Ct.2001) (seeking to enforce Arizona judgment on paternity and child support). In this case, the decision to grant comity is only the first step, and, if comity is granted, the second step is to consider whether to grant res judicata effect to the foreign judgment.

. The Commission applied the Chewiwi factors, but cited to a later Window Rock District Court decision, Anderson Petroleum Service v. Chuska Energy and Petroleum Corp., 4 Nav. R. 187, 190-91 (W.R.Dist.Ct.1983). While certain district court decisions are reprinted in the Navajo Reporter, those cases are not precedent binding on this Court.

. In an apparent attempt to distinguish Peabody, the Commission mentions that the two proceedings in that case applied different burdens of proofclear and convincing evidence in the arbitration and preponderance of the evidence in the NPEA proceeding. See Peabody, 4 Am. Tribal Law at 654, n. 1, 2003 WL 25794132, **4-5 n. 1. However, the Commission does not suggest the burdens of proof are different in this case, and therefore the relevance of the discussion in Peabody is unclear.

. Appellant mentions neither the Court of Appeals decision nor the statutory provision, despite citing other Arizona cases and other sections of the unemployment statute. The Court cautions Appellant and its counsel to be forthright to the Court.