*Louise TAYLOR*
Petitioner-Appellant
*vs.*
*DILCON COMMUNITY SCHOOL*
Respondent-Appellee

In the Supreme Court of the Navajo Nation

No. SC-CV-73-04

October 7, 2005

David Jordan, Gallup, New Mexico, for Appellant.

Howard Brown, Flagstaff, Arizona, for Appellee.

Before YAZZIE, Chief Justice, and FERGUSON and YELLOWHAIR, Associate Justices.

This appeal concerns whether or not the Navajo Nation Labor Commission (Commission) may dismiss an employee's complaint for an alleged failure to exhaust remedies provided by an employer. The Court concludes the Commission may not, and remands the case back to the Commission for further proceedings.

I

Appellant Taylor (Taylor) was terminated from her position by Appellee Dilcon Community School (School). The School's personnel manual provides for an appeal of a termination decision to the school board ("termination appeal"). The manual states that "if the employee appeals the termination," he or she remains an employee pending the disposition of the appeal, but that the termination will become effective if the employee fails to file the appeal within five days of receipt of the termination letter. Manual, Index Listing 11, Exhibit W § 7.02(c), (d). Taylor appealed her termination, and the School set a hearing. The School hired an independent hearing officer to hold the hearing and make recommendations to the school board (board). However, Taylor did not appear at her hearing. She instead sent notice on the day of the hearing that she would not appear because her lawyer would not be there. The hearing officer conducted the hearing and submitted recommendations to the board that the termination be upheld. The board upheld the termination.

Taylor then filed a charge under the Navajo Preference in Employment Act (NPEA) with the Office of Navajo Labor Relations (ONLR), and then followed up with a complaint with the Commission. The Commission did not hear the merits of the complaint. Instead, the Commission granted the School's motion to dismiss the complaint for failure to exhaust administrative remedies.[1] The Commission concluded that Taylor's failure to participate in the termination hearing meant that she had failed to exhaust an administrative remedy, and therefore she could not file a complaint under the NPEA. Taylor appealed the dismissal. This Court held oral argument on September 23, 2005.

---

1 The Commission did not rule on the School's other defenses, relying solely on exhaustion of administrative remedies to dismiss the case.

## II

The issue in this case is whether the Navajo Preference in Employment Act authorizes the Commission to require exhaustion of an employer's termination appeal process before the employee may file a complaint with the Commission contesting the termination.

## III

We review decisions of the Commission under an "abuse of discretion" standard. *Smith v. Navajo Nation Department of Headstart*, 8 Nav. R. 709, 714 (Nav. Sup. Ct. 2005). One type of abuse is an error of law. *Id.* Whether the NPEA authorizes the Commission to dismiss a case for failure to exhaust administrative remedies is a legal question which the Court reviews *de novo*, with no deference given to the Commission.

## IV

Taylor's main argument is that the termination appeal is not an "administrative remedy" under the doctrine of exhaustion of administrative remedies, as Dilcon is not an "agency" i.e., that Dilcon is not a government agency of the Navajo Nation. Taylor also argues that the NPEA prohibits the Commission from requiring exhaustion of what she characterizes as an in-house "corporate" proceeding, because, according to Taylor, the statute only requires the filing of a charge with ONLR before the employee may file a complaint with the Commission. Taylor contends that ONLR is the "agency," not the school board, for purposes of exhaustion, and that Taylor fulfilled all that was required by filing her charge. The School disagrees, arguing that it is an "agency," and that the Commission has implied authority under the NPEA to apply the doctrine of exhaustion of administrative remedies to control its docket. The School argues that even in the absence of explicit NPEA authorization the Commission necessarily has the authority to determine its own jurisdiction or to refuse to hear cases, based on doctrines such as exhaustion of administrative remedies, lack of subject matter jurisdiction, *res judicata*, and collateral estoppel. Finally, the School argues that failure to participate in the termination appeal violates the principles of *k'é* and "talking things out" by rendering the internal process meaningless, because an employee may "skip" the process and go straight to the Commission.

This Court has recognized the *bilagáana* doctrine of exhaustion of administrative remedies in employment cases. *See Goldtooth v. Naa Tsis' Áán Community School*, Nav. Sup. Ct. 680, 691 (Nav. Sup. Ct. 2005) (Court may consider and apply adopted *bilagáana* concepts if consistent with fundamental Navajo principles). The doctrine is not jurisdictional, but allows a court to dismiss a case if the party did not attempt to resolve the dispute through an administrative process before seeking court review. *See Charles v. Furniture Warehouse*, 7 Nav. R. 92, 95 (Nav. Sup. Ct. 1994). (dismissing termination claim for failure to exhaust

NPEA process before filing with court); *Navajo Skill Center v. Benally*, 5 Nav. 93, 97 (Nav. Sup. Ct. 1986) (dismissing termination claim for failure to exhaust employment grievance process). The doctrine also allows an administrative tribunal to dismiss a claim if the party did not follow the required steps in an administrative process before seeking review. *See Kirk v. Office of Navajo Labor Relations*, 7 Nav. 363, 366 (Nav. Sup. Ct. 1998) (upholding Commission dismissal for failure to file charge with ONLR). In *Navajo Skill Center*, an employment case filed before the enactment of the NPEA, this Court dismissed a wrongful termination case under facts similar to the present case. 5 Nav. 93, 97 (Nav. Sup. Ct. 1986). The employee filed an appeal of her termination under the internal process set up by her employer. *Id.* at 93. However, she did not attend her grievance hearing, and instead filed an action in the Crownpoint District Court. *Id.* at 93-94. This Court concluded that she had failed to exhaust her administrative remedies and that her case would be dismissed. *Id.* at 97. In *Charles*, the Court again recognized the doctrine, this time under the NPEA, for failure to file a complaint before the Commission before filing a district court action. 6 Nav. R. 92,95 (Nav. Sup. Ct. 1994). The Court held that a district court could not hear a termination claim unless an employee had exhausted the NPEA administrative process. *Id.* In *Kirk*, the Court expanded the doctrine to include the Commission when it held that employees of ONLR had to attempt to file a charge with ONLR before filing a complaint with the Commission. 7 Nav. R. at 366. The Court rejected the employees' argument that exhaustion would be futile due to the conflict of interest of other ONLR employees, stating that the NPEA required first filing a "charge" with ONLR before seeking relief from the Commission, even when employees of ONLR asserted NPEA violations. *Id.* at 364,366.

While this Court has applied the exhaustion doctrine to employment cases, none of these cases dealt with the situation here: whether an employee must exhaust an employer-provided termination appeal before filing a claim before the Commission alleging wrongful termination. The question turns on whether the NPEA explicitly prohibits or merely is silent on requiring exhaustion of an employer's termination appeal process. The NPEA requires an employee to file a "charge" with ONLR, which investigates the claim and decides whether or not "probable cause" that the employer violated the act exists and, if so, what action should be taken. 15 N.N.C. § 610(A)-(J) (1995). Once ONLR issues a "right to sue" notice, or fails to do so within 180 days of the filing of the charge, an employee may file a complaint with the Commission. 15 N.N.C. § 610(J) (1995). Appellant cites Section 610(B)(6)(b)(2) of the NPEA as demonstrating the Navajo Nation Council's intent that the ONLR charge process be the only prerequisite to filing a complaint. Under that provision, an employee must file a charge with the Office of Navajo Labor Relations within one year of "accrual of the claim," and that "[f]ailure to file a Charge within the time limitations prescribed herein shall bar proceedings on the related claim before the Commission or in any Court of the

Navajo Nation." 15 N.N.C. § 610(B)(6); (6)(b)(2) (1995). The parties cite no other section of the NPEA that explicitly requires exhaustion of other remedies before the Commission's review of the termination.

The Court holds that the ONLR charge process is the only statutory requirement before an employee may file a complaint with the Commission, and therefore there is no implied requirement to exhaust an employer's termination appeal process. The Court has recognized the Commission's authority to review cases for lack of subject matter jurisdiction and for *res judicata*, despite the absence of any language in the NPEA authorizing the Commission to apply either doctrine. *See, e.g., Peabody Coal Co. v. Navajo Nation Labor Commission*, 8 Nav. R. 313, 321 (Nav. Sup. Ct. 2003) (issuing writ of prohibition against Labor Commission to preclude complaint barred by *res judicata*); *Office of Navajo Labor Relations ex rel. Jones v. Central Consolidated School District No. 22*, 8 Nav. R. 234, 241 (Nav. Sup. Ct. 2002) (authorizing remand to consider Commission jurisdiction under federal Indian law). However, unlike these doctrines, which are not directly referenced in the act, the NPEA provisions specifying the complaint process limit the Commission's power to dismiss cases for failing to take other actions, such as participating in an employer's termination appeal process. In constructing the process for termination claims, the Council limited the steps an employee must take before being heard by the Commission to the filing of a charge with ONLR. Given the clear language and structure of the act, the Court concludes no further administrative steps are necessary. To create such an additional requirement would burden the employee's right to be heard before the Commission contrary to the statute. Therefore, the Commission wrongly dismissed Taylor's claim.[2]

## V

Based on the above, the Court VACATES the Labor Commission decision and REMANDS the case for further proceedings.

[2] The Court further notes that the prohibition on requiring exhaustion of a termination appeal does nothing more to make an employer's grievance process meaningless or facilitate "skipping" the process than the School's own manual does itself. The employment manual issued by the School clearly makes the appeal process voluntary by stating that "if the employee appeals the termination," he or she will remain an employee, but otherwise the failure to file an appeal within five days makes the termination effective. Manual, Index Listing No. 11, Exhibit W, § 7.02(3)(c), (d). There is no attempt in the manual to require exhaustion, even assuming such attempt would be legal under the NPEA. (The Court makes no judgment on this point.) Further, contrary to the School's argument, the allowance of a hearing before the Commission regardless of exhaustion of a termination appeal allows for "talking things out" under the principle of *k'é* as the Council intended- in a proceeding before the Commission. A dismissal of a Commission action for the alleged failure to talk things out below denies an employee his or her statutory right to be heard, and therefore his or her ability to "talk things out" with his or her employer with the assistance of the Commission, the body entrusted by the Council to facilitate *k'é* in employment disputes.