OPINION

The Navajo Nation Labor Commission (Commission) rejected an employee’s allegations why a termination was unlawful, but nonetheless ruled the termination was unlawful based on other allegations not asserted in the complaint. The Court holds that the Commission’s resort to new allegations was improper, and vacates the Commission’s decision and dismisses the complaint.
I
Appellant Navajo Nation Department ol Headstart (Headstart) (now known as the Department of Early Childhood Development) terminated Appellee Ronald Hood (Hood). Hood originally filed a charge *723 with the Office of Navajo Labor Relations (ONLR) alleging that Headstart violated the Navajo Preference in Employment Act (NPEA) in two ways: 1) Headstart misled him to resign from a previous job; and 2) the offense for which he was terminated, neglect of duty, only requires suspension, fn the complaint he subsequently filed with the Commission, however, Hood alleged that Headstart 1) had not provided proper orientation, 2) had not held meetings on his conduct, and 3) had not given him warnings before his termination. After a hearing, the Commission concluded that Headstart had not terminated Hood for “just cause” because Hood was not responsible for damage done to Headstart vehicles, an allegation not asserted in the charge or complaint.[1] After the Commission awarded damages, Headstart filed this appeal. In its denial of Headstart’s request for a stay of its ruling pending appeal, the Commission stated its reasons for making its own findings: 1) the employee cannot complain of a different reason the termination was unlawful than the reason stated in the employer’s termination notice; and 2) the employer need only defend its stated reasons in the termination notice, and not what the employee states are the reasons the termination is unlawful. This Court held oral argument on October 17, 2005.
II
⅛ The issue in this case is whether the Commission can decide a termination was unlawful based on allegations not asserted by the employee in the complaint.
III
Headstart correctly states the general purpose of a complaint: “to give everyone notice of the claims upon which [the plaintiff] reifies] and the basic facts supporting those claims so that the parties and the court know exactly what is in dispute.” Four Corners Auto Sales, Inc. v. Begay, 4 Nav. R. 100, 101 (Nav.Ct.App. 1983). Therefore, if the plaintiff is making a claim, he or she should state it in the complaint. Id. Requiring a statement of the claim safeguards the basic concept of due process by giving adequate notice of the case against a party and providing the respondent the opportunity to be heard by filing an answer to the complaint. Judy v. White, 5 Am. Tribal Law 418, 427-28, 2004 WL 5658577, **7-8 (Nav.Sup.Ct.2004). A complaint must include “a minimum discussion which gives the respondent and the court some theory of what the case is about.” Id. Based on these principles, Headstart argues that the Commission improperly expanded the scope of its review by finding reasons to invalidate the termination not asserted in Hood’s complaint. Hood disagrees, arguing the Commission acted properly.
Though the Court developed these principles in the context of court litigation, they apply equally to claims before administrative tribunals. The Court therefore holds that the Commission did not comply with due process when it found NPEA violations not asserted in Hood’s complaint. Hood’s original allegations set out in the charge were that Headstart misled him to resign from his previous job* and that Headstart improperly terminated him when the specific offense, neglect of duty, only required suspension. Charge, Petitioner’s Exhibit 4, at 3. ONLR repeated these allegations in its investigation letter. Letter of ONLR to Kaibah Begay, August *724 22, 2003, Petitioner’s Exhibit 7. It also concluded probable cause existed that Headstart, violated the NPEA based on Hood’s contention that he should only have been suspended, not terminated, for neglect of duty. Probable Cause Determination, Petitioner’s Exhibit II, at 3. The Commission concluded that Hood’s allegations in his complaint were without merit, but independently concluded that the termination was without “just cause” because Hood was not responsible for damage done to Headstart’s vehicles, a claim neither Hood nor ONLR made before the Commission proceeding. Findings of Fact, Conclusions of Law, Interim Order, Index Listing No. 9, at 7, 8. The Commission therefore made conclusions on entirely different allegations from any made by ONLR or Hood throughout the process. Headstart was not on notice that it had to respond to these allegations, and therefore did not have an opportunity to be heard, violating due process.
Based on this analysis, the Commission’s rationale in its order denying a stay is incorrect. The employee’s claim rises or falls on the allegations he or she chooses to make, and if that claim has no relation to the stated reasons for termination, that is the risk the employee takes. One reason for deviating from the termination notice may be that the employee believes the reasons stated in the complaint are merely pretext, and that the actual reasons are not “just cause” under the NPEA. The Commission’s reasoning would eliminate the use of a complaint and answer, and therefore defeat the purpose of these pleadings: notice and opportunity to be heard.
The Court’s conclusion is bolstered by the NPEA itself, as the statute tracks due process by limiting the allegations the employer must respond to before the Commission. The NPEA Procedure begins with filing of an employee “charge,” which must include “a clear and concise statement of the facts constituting the alleged violation of the Act, including the dates of each violation and other pertinent event s and the names of individuals who commit - ted, participated in or witnessed the act-complained of.” 15 N.N.C. § 610(B)(2)(c) (1995). ONLR then sends a copy of the charge or a notice of its contents to the respondent, the first time the employer is informed of the allegations that it violated the NPEA. 15 N.N.C. § 610(B)(7) (1995). After its investigation, if appropriate. ONLR issues a probable cause determination. The NPEA requires that ONLR in its determination “identify each violation of the Act for which probable cause has been found,” 15 N.N.C. § 610(E) (1995). Nexi. ONLR must make a good faith effort to settle “any allegations in an individual Charge” for which it found probable cause. 15 N.N.C. § 610(F) (1995). If the employer will not settle all the allegations, ONLR then may issue a right to sue letter, which authorizes the employee to file a complaint with the Commission. 15 N.N.C. § 610(H) (1995). The complaint is then filed and served on the respondent. The complaint is properly filed, if, among other things, the “underlying Charge” was timely filed. 15 N.N.C. § 610(J)(l)(b) (1995). The NPEA allows the employer to answer the complaint. 15 N.N.C. § 611(C)(2) (1995). The Commission then sets a hearing, and in its notice of hearing must state “in clear and simple terms the nature of the alleged violations.” 15 N .N.C. § 611(A)(1) (1995).
Several conclusions arise from this procedural structure. First, the allegations first asserted by the employee in his or her charge define the scope of the allegations throughout the process. That is, tin-allegations in the complaint must track " ■■ allegations in the charge, less those that have been settled. Second, the Labor Commission is the last stage in a carefully *725 constructed series of procedural stages designed to inform the employer what it is accused of doing and to limit the issues to meritorious ones actually in dispute. Third, the Commission is not a party to the proceeding, but a tribunal that hears the evidence presented to it, based on the theories asserted by the charge and carried through to the complaint. Through this procedure the NPEA guarantees due process by alerting the employer at several stages what allegations need to be addressed.
In conclusion, based on fundamental principles of due process, as implemented by the NPEA dispute resolution structure, the Commission is limited to the allegations arising from the charge, and, after the ONLR process is complete, those remaining allegations clearly asserted in the complaint. Consequently, the Commission cannot go beyond those allegations Co establish its own reasons to uphold or deny the termination. The Commission therefore erred in this case.
IV
The Court hereby VACATES the Commission’s decision. The only remaining question is what should happen to Hood’s underlying claim. The Commission apparently did not consider Hood’s original allegations in his charge, and rejected the allegations in his complaint. As Hood himself changed the allegations from those assert (>d in his charge to those later asserted in his complaint, the Court considers Hood’s choice to not include the allegations from his charge in his complaint to be an abandonment of the earlier allegations. As he abandoned his previous allegations, there is nothing for the Commission to further consider. Hood’s complaint is therefore DISMISSED and the case closed.

. Headstart counsel objected several times during the hearing that the Commission was going beyond the complaint by considering evidence not tied to Hood’s specific allegations.