OPINION

This case concerns the time period to file a charge with the Office of Navajo Labor Relations under the Navajo Preference in Employment Act. The Court holds that the time to file a charge begins on the date of the employer’s alleged violation of the Act, or when the employee reasonably should have known of the violation. The Court affirms the Navajo Nation Labor Commission’s dismissal of the ease.
I
The relevant facts are as follows. Appellant Sherwood “Woody” Moore is a non-Indian worker at the San Juan Mine. He *526 filed a charge with the Office of Navajo Labor Relations (ONLR) under the Navajo Preference in Employment Act (NPEA) alleging Appellee BHP engaged in “adverse action” under the Act, see 15 N.N.C. § 604(B)(8) (2005), when he was downgraded to a lower position.[1] The downgrade occurred on January 17, 2003. ONLR accepted his charge on April 5, 2004, four hundred and forty-four days later. Moore timely filed a complaint with the Commission. Among other motions, BHP filed a motion to dismiss for failure to file the charge with ONLR within one year of the downgrade under Section 610(B)(6) of the NPEA. The Commission granted the motion, dismissing Moore’s complaint because it concluded the charge was untimely. This appeal followed.
II
The issue in this case is whether the time to file a charge with the Office of Navajo Labor Relations begins when the employer’s allegedly illegal action occurred or when the employee reasonably should have known of the action, or instead whether the time begins after the employee has exhausted the employer’s internal grievance process.
III
This Court reviews decisions of the Commission for an abuse of discretion. Bradley v. Lake Powell Medical Center, 7 Am. Tribal Law 500, 522-23, 2007 WL 5886718, **1-2 (Nav.Sup.Ct.2007). One type of abuse is an error of law. Id. The Court reviews the Commission’s interpretations of the NPEA de novo, with no deference given to the Commission’s interpretation. Id.
IV
Moore’s sole argument on the timing issue is that the time to file a charge with ONLR begins not at the time of the employer’s action that gives rise to the employee’s charge, but only after the employee has completed an internal grievance process. The relevant section of the NPEA states that an employee must file a charge with ONLR “within one year of the accrual of the claim which constitutes the alleged violation of the Act.” 15 N.N.C. § 610(B)(6) (2005). That section defines “accrual of a claim” as the earlier of 1) the date on which the charging party had actual knowledge of the claim, or 2) taking into account the circumstances of the charging party, the date on which the charging party should have been expected to know of the existence of the claim. Id. The Commission concluded, and BHP argues here, that that language begins the time for filing a charge on the date the employee’s alleged illegal action occurred.
Based on the language of Section 610(B)(6), the Court agrees with the Commission and BHP. That section starts the time to file a charge from the “accrual” of “the claim which constitutes the alleged violation of the Act.” Though “accrual” is not separately defined, the section’s language equates the employee’s “claim” with the employer’s “alleged violation,” and therefore the claim occurs when an employer allegedly violates some provision of the NPEA. The Court concludes that this language means that the employee’s claim “accrues,” that is when the time to file a *527 charge starts running, on the date of the employer’s action that allegedly violated the NPEA, unless there are special circumstances where the employee was not notified of the action, or for some other reason could not reasonably be expected to know that the action occurred.
The employee’s voluntary participation in an employer’s internal grievance process does not change the timing. There simply is no reference whatsoever to internal grievance processes in that section, and therefore no indication that the Navajo Nation Council intended to allow extra time if an employee chooses to file a grievance instead of filing a charge.[2] In a previous case, this Court ruled that exhaustion of internal grievance processes was not required before an employee filed a charge, and that the Commission could not dismiss a complaint for failure of the employee to exhaust such remedies. Taylor v. Dilcon Community School, 6 Am. Tribal Law 688, 690, 2005 WL 6235953, **2-3 (Nav.Sup.Ct.2005). The Court made that conclusion because Section 610(B)(6) makes no mention of grievance processes, and therefore, the Court concluded, the Council did not intend that employees exhaust such processes before filing a charge. See id. Similarly here, the omission of any reference to internal grievance processes bars an employee from automatically tolling the timing requirement by voluntarily going through such a process.
The Commission may still consider waiving the timing requirement when an employee invokes the doctrine of “equitable tolling.” This Court has previously recognized the doctrine of equitable tolling in NPEA cases, allowing, and in some circumstances, requiring the Commission to extend the one year time period in Section 610(B)(6) when circumstances beyond the employee’s control prevent him or her from complying with the time requirement. See Yazzie v. Took Dineh Industries, 6 Am. Tribal Law 806, 808-09, 2006 WL 6168954, *2 (Nav.Sup.Ct.2006); Harvey v. Kayenta School Bd., 7 Nav. R. 374, 375-76, 1 Am. Tribal Law 707 (Nav.Sup.Ct.1999) (stating equitable tolling applies when respondent in NPEA case causes delay in filing charge).
Here, the Commission considered Moore’s argument to be a request to toll the timing requirement, which the Commission denied. The Commission did not use the exact phrase “equitable tolling,” but refused to extend the timing nonetheless. The Court sees no reversible error in the Commission’s refusal to toll the time limit, and the Court therefore affirms the dismissal of Moore’s complaint. The choice to file a grievance is not a circumstance beyond Moore’s control that prevented him from filing a charge. He voluntarily participated in the grievance process, and nothing prevented him from at the same time pursuing his charge. There is nothing inherently contradictory in participating in an internal grievance process while also participating in the *528 NPEA process. Ií BHP reversed the alleged violation in the internal grievance process, Moore could have voluntarily dismissed his charge with ONLR. Similarly, if the parties resolved their dispute through the ONLR process, Moore could have dismissed his grievance.
V
Based on the above, the Commission’s decision is hereby AFFIRMED. Moore’s complaint is dismissed, and the case is closed.

. The Navajo Nation Labor Commission's decision states that Moore's downgrade was voluntary, while Moore contends he was coerced to agree to the downgrade. Whether a downgrade is truly “voluntary” under circumstances where the employee alleges coercion is not an issue in this case, and the Court makes no conclusion on the merits of Moore's allegations.

. The Council’s omission of internal grievance procedures may be because ONLR serves a similar function in resolving employment disputes outside of an adversarial process. Before an employee can file a complaint before the Commission, ONLR must investigate the charge and attempt to resolve the dispute through conciliation and settlement. See 15 N.N.C. § 610(C)-(G) (2005). Am employee can only present to the Commission those allegations made in the charge that ONLR could not resolve. See Hood v. Navajo Nation Dept. of Headstart, 6 Am. Tribal Law 721, 723-24, 2006 WL 6168349, **2-3 (Nav.Sup. Ct.2006). Through the participation of ONLR, the NPEA allows the patties to “talk things out,” see Taylor, 6 Am. Tribal Law at 692 n. 2, 2005 WL 6235953, *3 n. 2 (describing concept in context of Commission proceeding), and facilitates a resolution of the dispute without the need for an adversarial hearing before the Commission.