OPINION

YAZZIE and GRANT
filed the opinion of the Court.
This case concerns whether the Navajo Nation Preference in Employment Act (NPEA) limits the types of remedies the Navajo Nation Labor Commission (Commission) can award an employee and whether the Commission has jurisdiction to hear a claim against an employer by an employee alleging sexual harassment by a fellow employee. The Court affirms the Commission’s decision on the ground that it lacks jurisdiction over a sexual harassment claim.
I
The relevant facts are as follows. Appellant Kevin Yazzie (Yazzie) filed a complaint with the Commission against his employer, Appellee Navajo Sanitation (Sanitation), alleging that he was sexually harassed by his supervisor. He claimed several violations of the NPEA, 15 N.N.C, §§ 601 et seq., including “job harassment, sexual harassment, retaliation, and intimi *545 dation,” and violations of “due process,” “civil rights,” and Sanitation’s employment policies. Complaint, Index Listing 1, at 2. He sought damages for “emotional harm, anxiety and mental suffering,” and requested that the Commission remove his supervisor from his position. Id. at 2-3.
At the request of Sanitation, the Commission dismissed Yazzie’s complaint. The Commission concluded that it could not grant the remedies Yazzie sought, and that Yazzie should file his claims in a Navajo district court. The Commission interpreted Section 612(A)(1) of the NPEA, which states that upon finding a violation of the Act the Commission shall:
issue one or more remedial orders, including without limitation, directed hiring, reinstatement, displacement of non-Navajo employees, back-pay, front-pay, injunctive relief, mandated corrective action to cure the violation within a reasonable period of time, and/or, upon a finding of an intentional violation, imposition of civil fines; provided that liability for back-pay or other forms of compensatory damages shall not accrue from a date more than two years prior to the date of filing of the Charge which the basis for the complaint.
The Commission stated that this section restricted the type of remedies it could grant, and precluded it from awarding damages for emotional harm, anxiety and mental suffering and from removing his supervisor from his job. The Commission also ruled that it could not hear a claim of sexual harassment not tied to a disciplinary action against the employee. This appeal followed. The Court heard oral argument on November 3, 2006.
II
The issues in this case are 1) whether the NPEA restricts the types of remedies the Commission may award to an employee, and 2) whether the Commission has jurisdiction under the NPEA to hear a claim against an employer for sexual harassment.
III
This Court reviews decisions of the Commission for an abuse of discretion. Bradley v. Lake Powell Medical Center, 7 Am. Tribal Law 500, 522-23, 2007 WL 5886718, **1-2 (Nav.Sup.Ct.2007). One type of abuse is an error of law. Id. The Court reviews the Commission’s interpretations of the NPEA de novo, with no deference given to the Commission’s interpretation. Id.
IV
The first issue turns on the interpretation of one section of the NPEA, Section 612(A)(1). Yazzie argues the Commission wrongly ruled that the section restricts its power to award remedies. Yazzie focuses on the phrase “without limitation,” arguing that the Council created the list of specific remedies in the section to represent examples of remedies, but not to exclude other remedies not listed. Sanitation argues that the Commission’s interpretation was correct, and further argues that Yazzie joined non-NPEA claims with NPEA claims in his complaint, requiring the Commission to dismiss his complaint under this Court’s previous opinion in Charles v. Furniture Warehouse, 1 Nav. R. 92 (Nav.Sup.Ct.1994).
The Commission misinterpreted Section 612(A)(1). The key phrase is “without limitation.” Through this language, the Council intended to make the list of remedies in the section examples of possible remedies, not an exhaustive list of all remedies the Commission is empowered to award to an employee. Cf. Navajo Nation Dept. of Child Support Enforcement v. *546 Navajo Nation Labor Commission, 6 Am. Tribal Law 801, 803, 2006 WL 6168956, *3 (Nav.Sup.Ct.2006) (holding list of Privacy Act records with language stating that list did not exclude other records did not limit types of records deemed “public”). Interpreting the phrase otherwise would render it meaningless. The Council did restrict a specific remedy in Section 612(A)(1), by limiting the duration of back-pay to two years prior to the filing of a charge. There is no other limitation in the section, and indeed the section states that the Commission may award remedies “without limitation.”
The interpretation of Section 612(A)(1) however is not limited to the statutory language. This Court previously described the Commission’s authority to grant remedies as discretionary, and equated it with the Navajo principle of nályééh. See Tso v. Navajo Housing Authority, 5 Am. Tribal Law 438, 445, 2004 WL 5658576, *4 (Nav.Sup.Ct.2004). The Court emphasized that the NPEA empowered the Commission to mold remedies for NPEA violations to make an employee whole based on the unique circumstances of the case. Id. Consistent with these principles, the Court holds that the Commission is not restricted to the specific listed remedies in Section 612(A)(1), but is empowered to grant remedies reasonably tied to making an employee whole. What is reasonably tied depends on the circumstances of the case, but certain remedies are not reasonably tied to making a person whole in any circumstance, such as compelling an employer to fire a worker based on a complaint by another employee, as that remedy does not compensate the employee claimant, it simply punishes the other employee.
To address, the two issues noted above, it is necessary to first emphasize that there is a difference between a “claim” and a “remedy” under the NPEA. Even if the Commission is barred from awarding a particular remedy, it cannot dismiss the case if the claims fall within the scope of the NPEA. A case can only be dismissed if one or more of the claims are outside the authority of the Commission, see infra, at 546-47; if the employee states claims that are all within the scope of the NPEA, the Commission has the responsibility to hear the case and decide what remedies are appropriate. Under these principles, the Commission erred when it dismissed Yazzie’s claims based on its conclusion that Section 612(A)(1) did not authorize the remedies Yazzie requested.
V
Though the Commission wrongly ruled the NPEA limited its remedies, the Court upholds the Commission’s other decision that it cannot hear a claim for sexual harassment. The Commission has jurisdiction only to hear claims arising under the NPEA, and cannot hear other claims an employee might bring against an employer. See Charles, 7 Nav. R. at 95. Therefore, if any of the claims Yazzie brings against Sanitation are not within the scope of the NPEA, the Commission was required to dismiss all of them. Id. As noted above, Yazzie’s complaint describes his claims as concerning “job harassment, sexual harassment, retaliation, and intimidation,” and violations of “due process,” “civil rights,” and Sanitation’s employment policies. However, a careful reading of his complaint shows that all of these various descriptions concern and arise out of the alleged incident of sexual harassment by his supervisor. The NPEA does require an employer to provide “employment conditions which are free of prejudice, intimidation and harassment.” 15 N.N.C. § 604(B)(9) (2005). *547 This Court has never decided whether an employer can be liable under the NPEA for an employee’s sexual harassment of another employee under this subsection, though the Court has stated that “harassment,” including sexual harassment can be “just cause” for termination of an employee. See Toledo v. Bashas’ Diné College, 6 Am. Tribal Law 796, 798, 2006 WL 6168967, **2-3 (Nav.Sup.Ct.2006) (upholding termination for sexual harassment of another employee); Kesoli v. Anderson Security, No. SC-CV-01-05, slip op. at 5-6 (Nav.Sup.Ct. October 12, 2005) (upholding termination for verbal harassment of subordinates).
The Court holds that in this case the very broad, ambiguous language in Section 604(B)(9) does not authorize an employee to file a claim with the Commission against an employer for sexual harassment. Sexual harassment is an emerging issue in Navajo society, and other societies, and what it means and whether it should be an actionable claim are being developed. In the Navajo environment, this development is in its nascent stage. The Navajo Nation government has a sexual harassment policy in its Navajo Nation Personnel Policies Manual, § XVI(F), applicable only to tribal employees. Some private employers have such policies, while others do not. See, e.g., Toledo, 6 Am. Tribal Law 796, 798, 2006 WL 6168967, **2-3 (discussing Bashas’ sexual harassment policy). Given the unsettled nature of what sexual harassment should mean and, absent explicit language in the NPEA that sexual harassment is actionable before the Commission, the Court will not expand the statute to allow for claims against an employer where the Council has not clearly provided for them. The language and structure of the NPEA demonstrate Council intent to provide remedies for direct disciplinary action by an employer, but nothing clearly allows claims against employers for allegedly allowing sexual harassment between employees. For this Court to conclude that the aspirational language of Section 604(B)(9) imposes a duty on an employer would be to venture into making laws, instead of interpreting laws. Whether or not an employer can be held liable for harassment between its employees is a matter of public policy to be set out in the first instance by the Council.[1] If the Council wishes the Commission to hear such claims, it may amend the statute to clearly provide such jurisdiction. Of. In re Grievance of Wagner, 7 Am. Tribal Law 528, 530-32, 2007 WL 5893637, **2-3 (Nav.Sup.Ct.2007) (Council must clearly provide Office of Hearings and Appeals with power to invalidate election for irregularities).
The Court’s holding does not mean that Yazzie lacks any remedy; it simply means that he may not seek that remedy from the Commission. Assuming compliance with *548 applicable statutes of limitation,[2] Yazzie is free to file a claim with a Navajo district court alleging the same facts to seek damages. The Court makes no comment on the outcome of such suit, but only states that he has that option despite the Court’s upholding of the dismissal by the Commission.
VI
Based on the above, the Commission’s decision is AFFIRMED on the ground that the Commission lacks jurisdiction over a claim of sexual harassment.
FERGUSON, Associate Justice, dissenting.

. The Dissent would have the Court engage in such law-making by defining “harassment” as used in Section 604(B)(9) to include "any form of harassment that might result in intimidation, threats and discomfort, and which may result in the departure of an employee who otherwise might continue employment but for the ‘harassment.’ ” Dissenting Opinion, infra, at 548. The Dissent's conclusion that the lack of a definition of harassment in the NPEA is to be regarded as the intent of the Navajo Nation Council to allow claims whenever an employee feels intimidated, threatened or uncomfortable is simply without any legal basis. Furthermore, the three subsections of Section 602 specifying the purposes of the NPEA do not aid the Dissent's desire to expand the scope of the NPEA. The specified purposes of providing employment opportunities, promoting economic development, and fostering economic sufficiency, simply are not relevant to the issues in this case.

. In Charles, this Court opined that any statute of limitations applicable to a non-NPEA claim is tolled while the Commission ‘‘determines whether it can hear the applicant's claims " 7 Nav. R. at 95.