OPINION

This case concerns timing for filing a complaint before the Navajo Nation Labor Commission (Commission) under the Navajo Preference in Employment Act (NPEA). The Court vacates the Commission’s decision.
I
The relevant facts are as follows. Appellant Frederica J. Martinez (Martinez) filed a charge with the Office of Navajo Labor Relations (ONLR) on February 1, 2005, alleging that Appellee Sage Memorial Hospital (SMH) violated the NPEA when the Board of Directors rescinded a pay raise approved by SMH’s CEO. ONLR date stamped her charge, but no ONLR employee signed the form to acknowledge receipt. The Board also rescinded pay raises of five other employees, and four of the five filed a collective charge as well.[1] ONLR filed its own charge pursuant to Section 610(B)(1) of the NPEA on behalf of the six employees on March 29, 2005.[2] After investigating the situation, ONLR issued a “Notice of Determination” to the six employees on January 10, 2006. In that notice, ONLR told the employees that it could not complete its determination whether to issue “right to sue” letters within the 180 time period allowed under the NPEA. See 15 N.N.C. § 610(H)(2) (2005). Instead, ONLR told them they could file their own complaints with the Commission. ONLR further informed them that they could file their complaints *552 within 360 days of when ONLR filed its charge, that is, by March 29, 2006.
Martinez filed her complaint with the Commission on February 26, 2006. SMH moved to dismiss her complaint, arguing to the Commission that it was untimely. Specifically, SMH asserted that under Section 610(J)(l)(c) the complaint should have been filed no later than 360 days after February 1, 2005, when Martinez filed her individual charge. The Commission granted the motion, ruling the time to file the complaint ran from the filing of the individual charge, and that Martinez’s complaint was untimely.
II
The issue in this ease is whether a complaint is untimely filed with the Commission when the employee files an individual charge, which ONLR date stamps, but does not acknowledge receipt with an employee’s signature, and when ONLR files it own charge, and informs the employee that she may file a complaint within 360 days of the filing of the ONLR charge.
III
Decisions of the NNLC are reviewed under an abuse of discretion standard. Toledo v. Basha’s Dine Market, 6 Am. Tribal Law 796, 797-98, 2006 WL 6168967, **1-2 (Nav.Sup.Ct.2006). One such abuse of discretion is when the Commission makes a mistake as to applicable law or an erroneous legal conclusion. Id. The Court gives no deference to the Commission’s legal conclusions. Id. The Commission’s interpretation of the NPEA’s timing provisions is a legal conclusion, which the Court reviews de novo. See Moare v. BHP Billiton, 7 Am. Tribal Law 525, 525-26, 2007 WL 5886585, **1-2 (Nav. Sup.Ct.2007).
IV
This case is easily resolved. The relevant section of the NPEA states that “[rjeceipt of each Individual Charge shall be acknowledged by the dated signature of an ONLR employee which shall be deemed the date on which the Individual Charge is filed.” 15 N.N.C. § 610(B)(4) (2005) (emphasis added). While Martinez admittedly submitted a charge in her individual capacity on February 1, 2005, ONLR did not sign the charge, but only date stamped it. Under a plain reading of the statutory language, there was no charge with the “dated signature of an ONLR employee” for purposes of Section 610(B)(4) until ONLR filed its own charge on March 29, 2005. A date stamp is not a signature, and therefore Martinez’s charge of February 1, 2005, cannot be considered “filed” for purposes of the NPEA’s timing requirement. ONLR’s charge of March 29, 2005, is the charge that is signed and dated by an ONLR employee and therefore is the only one that is “filed” pursuant to Section 610(B)(4). Since Martinez filed her complaint with the Commission on February 21, 2006, it was filed within the 360 day requirement of Section 610(J)(1)(c).
This Court’s holding is farther reinforced by the fact that ONLR filed its own charge, and then informed Martinez that she could file a complaint within 360 days of the date of filing of that charge. In its Notice of Determination, ONLR stated that there was “still the remaining timeline from the date of acceptance of ONLR charge on March 29, 2005 to March 29, 2006 to file your complaint to [sic ] Labor Commission,” and that “this letter will serve as a notice to proceed "with your complaint.” Letter of Eugene Kirk, Labor Compliance Officer, January 10, 2006, Opening Brief of Petitioner-Appellant, Attachment 8, at 2. According to ONLR’s interpretation of the NPEA, if an employ *553 ee files an individual charge, and ONLR decides later to file its own charge, the time to file a complaint runs from its latter charge, and not the earlier individual charge. This Court agrees. By filing its own charge, ONLR effectively took over the case for Martinez and the other employees. Their individual charges, whether with proper ONLR signatures or not, ceased to exist, and any time was to be calculated from ONLR’s new charge. The “extra” time from when Martinez should have filed her complaint if counted from her individual charge was then not due to her own dereliction in filing a late complaint, but was instead due to ONLR’s review of the case, and its decision whether to pursue the case on her behalf.
Even if ONLR was incorrect in its analysis, Martinez’s complaint nonetheless should be allowed. Whether true or not, ONLR represented to Martinez that she had until 360 days after it filed its charge. Assuming she instead should have filed 360 days after her charge, her delay is excusable, as she could have justifiably relied on ONLR’s representations. Under any of these theories, Martinez’s complaint was timely.
V
Based on the above, the Commission’s order dismissing Martinez’s complaint is VACATED. Though ordinarily the Court would remand the case to the Commission for a trial on the merits, there is a procedural matter that prevents remand. As previously noted, see infra, slip op. at n. 1, the merits of Martinez’s complaint, whether SMH’s rescission of pay raises violated the NPEA, is at issue in another appeal before this Court involving other employees whose raises were rescinded. That case is folly briefed, and awaiting this Court’s decision. Any decision on that appeal may affect Martinez’s case. In the interests of potentially saving time for this Court, the Commission, and the parties, the Court STAYS the remand and requests supplemental briefs from Martinez, SMH, and the Appellees in the Begay ti Sage Memorial Hospital case. The Court specifically wants to know the parties’ views on whether the Court should consolidate this case with Begay and decide the cases together, or whether the facts of Martinez are sufficiently different that the Court should remand for the Commission to hold a full trial on the merits. The parties shall submit these briefs within twenty days of receipt of this opinion.

. The merits of the rescission of raises for four of the other employees are currently under this Court’s review in a separate case. See Begay v. Sage Memorial Hospital, No. SC-CV-38-06.

. It is unclear from the record whether *the sixth employee filed her own individual charge before ONLR filed its charge on behalf of all six.